IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA BUSSLER and LAB, LLC,        )<br>    Plaintiffs,        )<br>        )<br>v.        )<br>        )<br>EAGLE EXPRESS CHARTERS, LLC,        )<br>JENNIFER BUSSLER JAMES, and        )<br>MELISSA BUSSLER MILLER,        )<br>    Defendants.        ) | CIVIL ACTION NO. 12-00687-KD-C |

**ORDER**

This action is before the Court on Plaintiffs' Motion for Injunction and Stay of Mississippi Action (Doc. 12).   Plaintiffs move the Court to issue an order staying an action filed against them by Defendants Jennifer Bussler James and Melissa Bussler Miller in Mississippi Chancery Court on March 28, 2013.   Plaintiffs claim that the state action "seek[s] a declaratory judgment to determine the rights of Bussler in Eagle Express, an issue already pending before this Court."   (Doc. 12 at 1-2, ¶ 1).   As grounds, Plaintiffs cite the Anti-Injunction Act, which states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."   28 U.S.C.A. § 2283.   Plaintiffs assert that a stay of the Mississippi Chancery Court action is necessary both "in aid of [this Court's] jurisdiction [and] to protect or effectuate its judgments."   Id.

" 'In light of the federalism concerns underlying [the] Anti–Injunction Act, courts construe ... the 'necessary in aid of its jurisdiction' ... exception[ ] narrowly.' "   Estate of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc., 645 F.3d 1267, 1273 (11th Cir. 2011), cert. denied, 132 S. Ct. 1557 (2012) (quoting Burr & Forman v. Blair, 470 F.3d 1019, 1028 (11th Cir.2006)).   "It is not enough, for example, that the issue before a state court

is one implicating an area of law to which Congress has potentially conferred exclusive jurisdiction on the federal courts. Nor is an injunction necessary in aid of a federal court's jurisdiction when the same claim is being pursued simultaneously in a state court proceeding." Burr & Forman, 470 F.3d at 1029. " '[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti–Injunction Act.' " Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 701 F.3d 669, 675 (11th Cir. 2012) (quoting Burr & Forman, 470 F.3d at 1028).

" 'Ordinarily, a federal court may issue an injunction 'in aid of its jurisdiction' in only two circumstances: (1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action.' " Estate of Brennan, 645 F.3d at 1273 (quoting In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1250-51 (11th Cir. 2006)). This action is not before the Court on removal from state court, nor does it involve an *in rem* proceeding. The Eleventh Circuit has also " 'acknowledged a third scenario in which the enjoining of a state court proceeding might be necessary and thus permissible. Called the 'complex multi-state litigation' exception, it enables a district court to enjoin a state court proceeding in aid of its jurisdiction when it has retained jurisdiction over complex, *in personam* lawsuits.' " Id. at 1274 (quoting In re Bayshore Ford, 471 F.3d at 1251). Such circumstances are also not present in this action.

> The "to protect or effectuate" judgments exception to the Anti–Injunction Act, referred to as the "relitigation exception," is "appropriate where the state law claims would be precluded by the doctrine of *res judicata*." Burr & Forman, 470 F.3d at 1029–30 (citation omitted). "In a sense, the relitigation exception empowers a federal court to be the final arbiter of the res judicata effects of its own judgments because it allows a litigant to seek an injunction from the federal court rather than arguing the res judicata defense in the state court." Id. at 1030 n. 30; see also Wesch[ v. Folsom], 6 F.3d [1465,] 1471 [(11th Cir. 1993) ]("[The relitigation exception] is essentially a

2

res judicata concept designed to prevent issues that have already been tried in federal court from being relitigated in state court.").

Juris v. Inamed Corp., 685 F.3d 1294, 1340 (11th Cir. 2012), cert. denied, 133 S. Ct. 940 (2013).

The Court has not entered a judgment in this action. Moreover, "[a] party seeking an injunction of a state court proceeding under the 'protect or effectuate' exception must make a strong and unequivocal showing of relitigation. Any doubt regarding whether the requirements of res judicata have been met will be resolved against interference with the state court proceeding." Burr & Forman, 470 F.3d at 1030 (citation and quotation omitted). Plaintiffs have not made such a "strong and unequivocal showing" under Alabama law.[1]

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Injunction and Stay of Mississippi Action (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** this the **19th** day of **June 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] "When deciding whether claims are barred by res judicata, federal courts apply the law of the state in which they sit." Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga., 708 F.3d 1243, 1252-53 (11th Cir. 2013) (citing Burr & Forman, 479 F.3d at 1030).